IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

STACY CERIANI,

        Plaintiff,

v.

DIONYSUS, INC., d/b/a
DENNY'S,

        Defendant.

CIVIL ACTION NUMBER: _____

SERVE:      Dionysus, Inc.
             c/o Nicholas Florakis, Registered Agent
             1220 Richmond Road, Suite E
             Williamsburg, VA, 23185

## **COMPLAINT**

Plaintiff, by counsel, hereby moves this Court for judgment and execution against the Defendant for the following:

1. This cause of action arose on July 5, 2019, in Williamsburg, Virginia.

2. This cause of action arose within the Eastern District of Virginia and, specifically, the Newport News Division of this Court.

3. During the pendency of the statute of limitations for this claim, the Governor of Virginia declared a State of Emergency, which tolled the statute of limitations.

4. This claim is being filed within the extra time allotted as a result of the tolling of the statute of limitations.

5.     The Plaintiff is, and at all relevant times has been, a resident of a state other than the State of Virginia.

6.     The Defendant is a corporation organized and existing within the State of Virginia and maintains its principal place of business within the State of Virginia.

7.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) in that the citizenship of the parties is diverse and the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

8.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) in that this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

9.     On or about July 5, 2019, the Plaintiff was a customer in the Denny's restaurant located at 409 Bypass Road, Williamsburg, Virginia.

10.    On that day, the Denny's restaurant was owned, operated and controlled by the Defendant.

11.    On that day, the Defendant owed a duty to the Plaintiff to provide her a safe and reasonable environment in which she could conduct her business pursuant to the invitation issued by the Defendant to her.

12.    On that day, the Plaintiff was on the Defendant's property at the invitation of the Defendant to purchase food.

13.    Prior to the Plaintiff entering the Defendant's facility, the Defendant's facility had had a sewage backup into the bathroom.

14.     Prior to the Plaintiff entering the bathroom, the Defendant's employees had attempted to clean up the sewage spill but had done so improperly.  Instead of cleaning up the spill, they cleaned up any evidence of the spill but left a slick and dangerous surface where the spill had been.

15.     At no time did the Defendant's employees place any warning signs outside the bathroom or inside the bathroom warning the Plaintiff or others of the slippery dangerous condition inside the bathroom.

16.     When the Plaintiff walked into the bathroom, she hit the slippery spot on the floor, fell, struck her head, and suffered significant injuries.

17.     The Plaintiff's fall and resulting injuries were a direct result of the negligence of the Defendant's employees in failing to either properly clean up the sewage spill in the bathroom and/or to warn the Plaintiff or others about the slippery dangerous condition.

18.     At all times, the Plaintiff was comporting herself in a careful, prudent and non-negligent manner in conformity with the invitation she had been given by the Defendant.

19.     As a direct result of the Plaintiff's fall, she suffered significant and potentially permanent injuries which have resulted in her suffering great pain, mental anguish, inconvenience, and incurring substantial medical bills.  She will continue to

suffer from and incur all of the above into the future.  At this point, it appears that her injuries are permanent.

WHEREFORE, the Plaintiff prays for judgment and execution against the Defendant in the amount of EIGHT HUNDRED THIRTY-SEVEN THOUSAND FIVE HUNDRED SIXTY-TWO DOLLARS AND THIRTY-SEVEN CENTS ($837,562.37), plus pre and post-judgment interest, plus all of her costs in proceeding with this matter.

Plaintiff requests a trial by jury.

STACY CERIANI

By_____
Of Counsel

Robert J. Haddad, Esquire
RULOFF, SWAIN, HADDAD, MORECOCK,
  TALBERT & WOODWARD, P.C.
317 30th Street
Virginia Beach, VA   23452
(757) 671-6036
Fax: (757) 671-6004
rhaddad@srgslaw.com