**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

| | |
|---|---|
| **STACY CERIANI** * | |
| * | |
| *Plaintiff*, * | |
| * | |
| v. * | Case No.: 4:21-cv-00108 |
| * | |
| **DIONYSUS, INC. d/b/a DENNY'S** * | |
| * | |
| *Defendant*. * | |

## DEFENDANT'S MEMORANDUM
## IN SUPPORT OF ITS 12(b)(6) MOTION TO DISMISS

COMES NOW, Defendant, Dionysus, Inc. d/b/a Denny's, (hereinafter "Defendant"), by and through undersigned counsel, and for its Memorandum in Support of its 12(b)(6) Motion to Dismiss, states as follows:

### INTRODUCTION – STATEMENT OF FACTS

On August 27, 2021, Plaintiff filed the instant action against Defendant. Plaintiff's subject Complaint is one (1) count in total, sounds in negligence, and exclusively relates to an alleged slip-and-fall incident that transpired on or about July 5, 2019 in the restroom of a Denny's restaurant located at 409 Bypass Road, Williamsburg, Virginia. [ECF # 1, ¶ 9, 16] Moreover, Plaintiff's Complaint alleges that "she suffered significant and potentially permanent injuries which have resulted in her suffering great pain, mental anguish, inconvenience, and incurring substantial medical bills." [ECF # 1, ¶ 19]

In Virginia, "every action for personal injuries, whatever the theory of recovery…shall be *brought within two years* after the cause of action accrues." Va. Code § 8.01-243(A). [Emphasis added] As noted above, Plaintiff's alleged bodily injury(ies) occurred on July 5, 2019 [ECF #1, ¶

9], which in turn, fixed July 5, 2021 as her relevant filing deadline for her asserted bodily injury(ies). Nevertheless, Plaintiff filed the instant action on August 27, 2021, fifty three (53) days after the statutory filing deadline.

STANDARD OF REVIEW

A motion to dismiss for failure to state a claim should be granted when it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of its claim. *See Johnson v Mueller*, 415 F.2d 3564 (4th Cir. 1969) and *Adams v. Bain*, 697 F.2d 1213 (4th Cir. 1982). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, as true, to state a claim to relief that is plausible on its face." *Spirito v. Peninsula Airport Commission*, 350 F.Supp.3d 471, 479 (E.D. Va. 2018). "In deciding a motion to dismiss, a court may consider the facts alleged on the face of the complaint as well as matters of public record, orders, items appearing the in the record of the case, and exhibits attached to the complaint." *Spirito* at 480. Furthermore, the court may consider documents "*incorporated by reference* without converting a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment." *Id*. [Emphasis added].

ARGUMENT

**I.     The tolling provision of the Order Declaring Judicial Emergency is inapplicable to this case.**

On March 16, 2020, in an Order Declaring a Judicial Emergency in Response to COVID-19 Emergency (hereinafter "Order Declaring a Judicial Emergency"), Virginia Supreme Court Chief Justice Donald Lemons declared a period of "Judicial Emergency" beginning on March 16, 2020. He thereafter declared thirty one (31) subsequent and consecutive orders extending this period through December 15, 2021. The Seventh (7th) Order Extending Declaration of Judicial Emergency in Response to COVID-19 Emergency, entered on July 8, 2020, made clear that the

tolling period for statutes of limitations would be limited to the period of March 16, 2020 through July 19, 2020 only, a period of just one hundred and twenty six (126) days.

In essence, these orders allowed plaintiffs with statutory filing deadlines that fell *within* the one hundred and twenty six (126) day period between March 6, 2020 and July 19, 2020 extra time to file suit. In effect, the Virginia Supreme Court extended the statutory filing deadlines for such plaintiffs by the number of days they had left to file their claims when the Judicial Emergency initially went into effect on March 16, 2020. Existing Virginia precedent, as well precedent from this Honorable Court, that discusses the period of Judicial Emergency is consistent with this interpretation, as courts have allowed *only* plaintiffs whose filing deadlines falling *within* the period of Judicial Emergency additional time to file suit. [Emphasis added]

For instance, in *Haysbret v. Bloomin' Brands, Inc. and Outback Steakhouse of Florida, LLC*, No. 4:20-CV-121, 2021 WL 5003283, (E.D. Virginia Apr. 7, 2021), a slip-and-fall negligence case, the underlying incident occurred on May 23, 2018. Under normal circumstances, Virginia's subject statute of limitations for personal injury claims would have imposed a May 23, 2020 filing deadline. However, due to "several extensions for COVID-19 related protocols," this Honorable Court concluded the plaintiff's limitations period did not run until September 28, 2020. In reaching this conclusion, the Court specifically opined in footnote one (1) that under the aforementioned COVID-19 related protocols, the Virginia Supreme Court began tolling limitations periods on "March 16, 2020, when Plaintiff had 69 days remaining on her original limitations period." Thus, since the relevant tolling concluded on July 19, 2020, Plaintiff's "*limitations period ran 69 days later*, on September 28, 2020." [Emphasis added]. Therefore, with respect to the plaintiff's initial filing deadline, the original sixty-nine (69) days

remaining on her limitations period were added to July 19, 2020 creating the September 28, 2020 filing deadline.

In *Zamma Canada Ltd. v. Zamma Corp.*, No. 3:20CV353-HEH, 2020 WL 7083940 (E.D. Virginia Dec. 3, 2020), a case involving a contract dispute, a statutory filing deadline was extended when it fell within the Judicial Emergency period. The parties' contract was terminated on May 16, 2019, so the defendant's claims against the plaintiff were governed by the limitations period set by the parties in the contract, which was one (1) year. Thus, claims arising out of the agreement would be time barred a year from May 16, 2019, on *May 16, 2020*—a date falling *within* the emergency tolling period. The plaintiff moved to dismiss the defendant's fourth counterclaim, arguing that it was time barred because the defendant filed its counterclaims on *June 10, 2020*—almost a month after the contractually set filing deadline but a date falling *in the middle of the emergency tolling period*. However, the fact that Chief Justice Lemons tolled deadlines through July 19, 2020 rendered the defendant's counterclaim filed on June 10, 2020 timely. Thus, time was added to the May 16, 2020 filing deadline, extending it to July 20, 2020, and the defendant's counterclaim was deemed timely.

In *Petersen v. Robertston, No. 1026-20-2, 2021 WL 2793780 (Va. Ct. App. July 6, 2021)*, a Circuit Court-imposed deadline required any motions related to a protective order or attorneys fees to be filed within fifty-five (55) days, which was on or before April 1, 2020—a time falling *within* the tolling period. The plaintiff filed a motion on July 17, 2020—which was still within the tolling period. The Court of Appeals of Virginia held that despite the fact that under ordinary circumstances this filing would have been untimely, the fifty-five (55) day deadline was tolled until July 20, 2020 due to the Emergency Order, and the plaintiff's order was timely despite the fact that it was not filed on or before April 1, 2020.

4

In *Whitmer v. Spotsylvania Cty. Dep't of Soc. Servs., No. 0882-20-2, 2021 WL 1179421, (Va. Ct. App. Mar. 30, 2021)*, a Circuit Court entered an order to terminate parental rights on June 29, 2020—a date falling *within* the tolling period. The court stated that the 60-day period within which to file the transcript from the hearing recommenced on July 20, 2020, the day after the tolling from the Judicial Emergency Order was no longer in effect. Thus, the Court added time to the original 60-day filing period, making the transcript due on September 18, 2020 instead, due to the original deadline falling within the Judicial Emergency period.

Finally, in *Algabi v. Dagvadorj, 106 Va. Cir. 153 (2020)*, a surviving spouse had until May 25, 2020 to make a claim for an elective share of her late husband's augmented estate—a date falling *within* the Judicial Emergency period. However, the court provided in footnote one (1) that "due to the Virginia Supreme Court's Orders concerning the Judicial Emergency, this deadline was tolled for 126 days…[t]herefore Wife's deadline for claiming an elective share was extended to October 5, 2020." Thus, time was added to the end of the Wife's statutory filing deadline, as this deadline fell within the Emergency period. Since her original deadline was May 25, 2020, but tolling began on March 16, 2020, the Wife's limitation period was tolled for seventy (70) days. Seventy (70) days from July 20, 2020, when tolling stopped, was September 28, 2020.

In contrast to the above cited cases, Plaintiff's statutory filing deadline did not fall within the period of Judicial Emergency. Her deadline was therefore not tolled, and her claim is time barred. As stated above, Virginia has a clear two (2) year statute of limitations for bodily injury cases. Va. Code § 8.01-243(A). In the instant action, Plaintiff's alleged bodily injury occurred on July 5, 2019 [ECF #1, ¶ 9], which in turn, means that for the instant action to have been timely, it must have been filed on or before July 5, 2021.

The only circumstance in which Virginia courts have allowed plaintiffs to tack additional time onto the end of a limitations period is where their filing deadline fell within the one hundred and twenty six (126) day period of Judicial Emergency. Herein, Plaintiff's filing deadline did not fall within the period of Judicial Emergency, rather a significant time after it had lapsed—about a full year later. Neither Virginia state court precedent, nor precedent from this Honorable Court, provides Plaintiff with the ability to extend her controlling limitation period simply because the subject period of Judicial Emergency fell within it. As a result, Plaintiff's Complaint is time barred and must be dismissed with prejudice as a matter of law.

## II. The Eastern District of Virginia is not bound by Virginia Judicial Emergency Orders.

In *Zamma,* No. 3:20CV353-HEH, (E.D. Va. Dec. 3, 2020) *supra*, the Court recognized that the Eastern District of Virginia "is not generally bound by emergency orders issued by the Supreme Court of Virginia," but that "Justice Lemons's orders tolling all deadlines in response to COVID-19 would be integral to any Virginia court's analysis of a statute of limitations issue." *Zamma Corp.*, 2020 WL 7083940 at *5. Thus, although this Honorable Court *chose* to incorporate Chief Justice Lemon's orders into its statute of limitations analysis in *Zamma*—a case which, as described above, involved a plaintiff with a filing deadline falling within the period of Judicial Emergency—the fact remains that this Honorable Court is not required to apply emergency orders issued by the Virginia Supreme Court. Either way, Plaintiff's Complaint remains untimely.

## III. Plaintiff had full access to the courts at all times and ample time to file suit.

Assuming *arguendo* that Plaintiff had zero access to a state or federal courthouse of any kind between March 16, 2020 and July 19, 2020, she still had eleven (11) months and seventeen (17) days after the period of Judicial Emergency ended in which to initiate the instant action.

Furthermore, this Honorable Court was fully available to Plaintiff at all relevant times via CM/ECF, irrespective of any physical closure it may have experienced. Put differently, even if Plaintiff could not physically access and/or enter this Honorable Court during the period of Judicial Emergency, CM/ECF was always open, accessible, and just a few clicks away.

IV. **Plaintiff cannot benefit from tolling designed to prevent unfair prejudice to plaintiffs with statutory filing deadlines falling within the period of Judicial Emergency.**

Had Plaintiff filed suit in state court, *and* had her limitations period ended within the period of Judicial Emergency, her filing deadline would have been tolled. The Emergency Declaration recognized that plaintiffs in this situation would have been prejudiced without the one hundred and twenty six (126) day tolling period—introduced in twenty one (21) day increments. This is likely because Virginia state courts have not all adopted system(s) allowing for electronic filing. Instead, state court litigants typically initiate actions via hardcopy paper and check.

The Order Declaring a Judicial Emergency directed Virginia circuit and district courts to implement eleven (11) measures. Measure number seven (7) was to "[r]equire attorneys to use e-filing if available." The final paragraph of the order also states that "[e]xcept as provided in this order, to the extent possible, the courts and clerks' offices shall remain operational and provide essential services while balancing the health and safety needs of court visitors and personnel." These requirements demonstrate why tolling was necessary for the plaintiffs with filing deadlines falling within the period of Judicial Emergency—the "if available" language refers to the fact that e-filing is not uniformly available to Virginia state court plaintiffs. Furthermore, the "to the extent possible" language at the conclusion of the Order refers to the fact that courts and clerks' offices could not and did not remain operational and open to the public, and that Virginia courts

and clerks' offices would not receive filings as they ordinarily would. None of this language is applicable to Plaintiff, who filed the instant action in federal court, and who had several months before the period of Judicial Emergency in which to file suit, and who chose to file in federal court where CM/ECF is and has always been available to her. The tolling provisions of the Judicial Emergency Orders were simply not designed for, nor intended to apply to, litigants like Plaintiff.

## Conclusion

A complaint may be dismissed as time barred under Rule 12(b)(6) where, as here, "the time bar is apparent on the face of the complaint." *JoAnn Wright Haysbert v. Bloomin' Brands, Inc., and Outback Steakhouse of Florida, LLC*, No. 4:20-CV-121, 2021 WL 5003283(E.D. Va. Apr. 7, 2021). Plaintiff's alleged bodily injury occurred on July 5, 2019, fixing her filing deadline as July 5, 2021—a date that did not fall within the period of Judicial Emergency. As demonstrated by the above cited case law, the tolling provision in the Order Declaring a Judicial Emergency is inapplicable to Plaintiff's claim. Furthermore, Plaintiff had access to this Honorable Court via CM/ECF for the entirety of her relevant two (2) year limitation period. There is simply no amount of factual development herein that changes the date of her alleged bodily injury, or the date her instant Complaint was filed. Therefore, Plaintiff's Complaint must be dismissed with prejudice as a matter of law because it does not state a timely claim for which relief can be granted.

**DIONYSUS, INC., d/b/a DENNY'S**
By counsel:

**/s/**_____
Joseph R. Coules
VSB# 88854
SEMMES, BOWEN & SEMMES
1577 Spring Hill Rd., Suite 200
Vienna, Virginia 22182
T: 703.288.2531
F: 703.356.6989
jcoules@semmes.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **November 29, 2021**, a true and correct copy of Defendant, Dionysus, Inc., d/b/a Denny's, Brief in Support of its 12(b)(6) Motion to Dismiss, was electronically filed with the Court and served on all counsel of record via the Court's CM/ECF system.

**/s/**_____
Joseph R. Coules