UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| STACY CERIANI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 4:21cv108 |
| ) | |
| DIONYSUS, INC. d/b/a DENNY'S, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is Defendant Dionysis, Inc.'s ("Defendant") Motion to Dismiss for Failure to State a Claim and accompanying memorandum. ECF Nos. 11–12. Plaintiff Stacy Ceriani ("Plaintiff") filed a brief in opposition, ECF No. 14, and Defendant filed a reply, ECF No. 15. Having reviewed the briefing and the relevant authority, the undersigned has determined that a hearing is not necessary for adjudication of this motion in accordance with Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). Accordingly, the motion is ripe for decision. For the reasons set forth below, Defendant's Motion to Dismiss, ECF No. 11, is **DENIED**.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

This case comes before the Court under its diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), as it arose from a slip and fall at a Denny's restaurant in Williamsburg, Virginia, located within the Eastern District of Virginia. *See* ECF No. 1, ¶¶ 1–2. Accordingly, Virginia law controls the substantive legal issues. *Alevromagiros v. Hechinger Co.*, 993 F.2d 417, 420 (4th Cir. 1993) ("Because the situs of the accident was Virginia, the law of that state will apply in this diversity action.").

Plaintiff filed the instant Complaint on August 27, 2021, alleging injuries from the slip and fall, which occurred on July 5, 2019. The statute of limitations for a personal injury action in Virginia is two years. Va. Code. § 8.01-243(A). Although Plaintiff's statute of limitations ordinarily would have expired on July 5, 2021, Plaintiff's Complaint alleges that a series of emergency orders (the "Emergency Orders") that the Chief Justice of the Supreme Court of Virginia issued in response to the COVID-19 pandemic tolled her statute of limitations and allowed her additional time to file her claim. ECF No. 1, ¶¶ 3–4. Defendant filed a motion to dismiss arguing that the provisions in the Emergency Orders tolling statutes of limitation do not apply to Plaintiff's claim because the expiration of her statute of limitations did not fall within the period covered by the Emergency Orders, and accordingly, her claim is time-barred. *See* ECF No. 12 at 2–6. Plaintiff's opposition disputes Defendant's assertion, and argues that her claim is timely pursuant to the Emergency Orders. ECF No. 14 at 2–3. Thus, the only question before the Court on this motion to dismiss is whether the Emergency Orders operated to toll Plaintiff's statute of limitations, making Plaintiff's Complaint timely.

## II. STANDARD OF REVIEW

A motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the legal sufficiency of a complaint. *Jordan v. Alternative Resources Corp.*, 458 F.3d 332, 338 (4th Cir. 2006). While considering this motion, the court must assume that the facts alleged are true and view them in the light most favorable to the plaintiff. *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). "A court may dismiss on the grounds of a statute of limitations defense if the necessary facts 'clearly appear on the face of the complaint.'" *Stewart v. Univ. of N.C. Sys.*, 673 F. App'x 269, 271 (4th Cir. 2016) (citing *Waugh Chapel S., LLC v. United Food & Commercial*

2

*Workers Union Local 27*, 728 F.3d 354, 360 (4th Cir. 2013)).

## III. THE SUPREME COURT OF VIRGINIA'S JUDICIAL EMERGENCY ORDERS

Between March 16, 2020, and July 8, 2020, the Supreme Court of Virginia issued a number of orders declaring and extending a judicial emergency in response to the COVID-19 pandemic (the "Emergency Orders"). The first order declaring a judicial emergency, issued on March 16, 2020, declared that "**all deadlines are hereby tolled and extended . . . for a period of (21) days.**" *In Re:* Order Declaring a Judicial Emergency in Response to COVID-19 Emergency, Mar. 16, 2020, https://www.vacourts.gov/news/items/covid/2020_0317_supreme_court_of_virginia.pdf (the "First Order Declaring a Judicial Emergency").

As a result of the ongoing nature of the COVID-19 pandemic, the Supreme Court of Virginia continued to issue additional orders that extended the declaration of emergency, and the tolling of statutes of limitations. The second order extending the declaration of judicial emergency, issued on March 27, 2020, explained that "[w]ith the exception of matters enumerated herein, **all applicable deadlines, time schedules and filing requirements, including any applicable statute of limitations which would otherwise run during the period this order is in effect, are hereby tolled and extended . . . for the duration of this Order.**" *In Re:* Order Extending Declaration of Judicial Emergency in Response to COVID-19 Emergency Declaring a Judicial Emergency in Response to COVID-19 Emergency, Mar. 27, 2020, https://www.vacourts.gov/news/items/2020_0327_scv_order_extending_declaration_of_judicial_emergency.pdf (the "Second Order Extending the Judicial Emergency") (emphasis added).

The third order extending the declaration of judicial emergency, issued on April 22, 2020, again repeated that "[a]s recognized in the First and Second Orders, in district and circuit courts the statutes of limitation and case related deadlines are tolled during the Period of Judicial

3

Emergency." *In Re:* Third Order Extending Declaration of Judicial Emergency in Response to COVID-19 Emergency Declaring a Judicial Emergency in Response to COVID-19 Emergency, April 22, 2020, https://www.vacourts.gov/news/items/covid/2020_0422_scv_order_extending_declaration_of_judicial_emergency.pdf (the "Third Order Extending the Judicial Emergency"). The Third Order Extending the Judicial Emergency went on to define tolling as "[t]o suspend or stop temporarily."

On July 8, 2020, the Supreme Court of Virginia issued its seventh order extending declaration of judicial emergency in response to the COVID-19 emergency. *In Re:* Seventh Order Extending Declaration of Judicial Emergency in Response to COVID-19 Emergency Declaring a Judicial Emergency in Response to COVID-19 Emergency, Jul. 8, 2020, https://www.vacourts.gov/news/items/covid/2020_0708_scv_seventh_order.pdf (the "Seventh Order Extending the Judicial Emergency"). In the Seventh Order Extending the Judicial Emergency, the Supreme Court of Virginia ended the tolling of statutes of limitations, stating that:

> beginning on July 20, 2020, for cases in the district and circuit courts, **there shall be no further tolling of statutes of limitations or other case-related deadlines. The tolling period as a result of the Judicial Emergency for such statutes of limitation and deadlines shall be limited to March 16, 2020 through July 19, 2020. This period of tolling shall not be counted for purposes of determining statutes of limitation or other case-related deadlines.** If, for example, the circuit court entered final judgment on March 10, 2020, six days before the Judicial Emergency was declared, then the total number of days of the tolling period resulting from the Judicial Emergency shall not count toward the 90-day deadline for filing the petition for appeal under Rule 5:17(a)(1), and this deadline would be extended for a period of 84 days after the tolling period ends on July 20, 2020.

*Id.* (emphasis added).

## IV. ANALYSIS

1. <u>The Emergency Orders are an Integral Part of Virginia's Statute of Limitations.</u>

At the outset, the Court notes that it must apply Virginia law governing statutes of

4

limitations. *Adams v. Am. Optical Corp.*, 979 F.3d 248, 255 (4th Cir. 2020) (noting that while sitting in diversity, the federal court interprets and applies the substantive law including statutes of limitations). In doing so, the Court must also apply "Virginia rules and laws that are "an integral part of the state statute of limitations." *Zamma Canada Ltd. v. Zamma Corp.*, No. 3:20CV353-HEH, 2020 WL 7083940, at *5 (E.D. Va. Dec. 3, 2020) (citing *Walker v. Armco Steel Corp.*, 446 U.S. 740, 746 (1980)). Here, the Supreme Court of Virginia's Emergency Orders tolling deadlines, including statutes of limitation in response to COVID-19, are "integral to any Virginia court's analysis of a statute of limitations issue." *Id.* at *6. Accordingly, the Emergency Orders are applicable to the Court's analysis in this case.

### 2. The Emergency Orders Excluded the Tolling Period from Plaintiff's Statute of Limitations.

The sole question before the Court is whether the Emergency Orders operated to extend the statute of limitations and provide Plaintiff with additional time to file her claim. Defendant argues that the Emergency Order tolling statutes of limitations are only applicable to statutes of limitations or deadlines which would have expired during the 126-day tolling period between March 16, 2020, and July 19, 2020. ECF No. 12 at 2–6. Because the statute of limitations for Plaintiff's claim expired on July 5, 2021, Defendant contends that it did not fall within the tolling period and thus Plaintiff was not entitled to additional time to file her claim. *Id.* In support of its argument, Defendant relies on the language in the Seventh Order Extending the Judicial Emergency stating that "there shall be no further tolling of statutes of limitations" and "the tolling period as a result of the Judicial Emergency for such statutes of limitation and deadlines shall be limited to March 16, 2020 through July 19, 2020." *Id.* at 2–3. Plaintiff, also relying on the language in the Seventh Order Extending the Judicial Emergency, argues that the language "[t]his period of tolling *shall not be counted* for purposes of determining statutes of limitation or other

5

case-related deadlines" is operative, and that this period of time should not be counted for determining a statute of limitations. ECF No. 14 at 2–3.

Despite Defendant's contention, the Court of Appeals of Virginia has not considered the issue of whether the Emergency Orders operate to toll a statute of limitations that expired outside the 126-day tolling period. *See* ECF No. 12 at 4–5 (citing *Petersen v. Robertson*, No. 1026-20-2, 2021 WL 2793780, at *3 (Va. Ct. App. July 6, 2021) and *Whitmer v. Spotsylvania Cty. Dep't of Soc. Servs.*, No. 0882-20-2, 2021 WL 1179421, at *4 (Va. Ct. App. Mar. 30, 2021)). In *Peterson*, the Court of Appeals of Virginia found that the Emergency Orders applied to a deadline that expired on April 1, 2020 (clearly subject to the Emergency Orders), and ruled that the plaintiff's filing on July 17, 2020 was timely because the deadline was tolled. 2021 WL 1179421, at *4. In *Whitmer*, an order terminating parental rights was entered on June 29, 2020 (clearly subject to the Emergency Orders), and the Court of Appeals of Virginia found that the tolling provision applied, and the 60-day deadline to file a transcript recommenced on July 20, 2020. 2021 WL 1179421, at *4. Neither case considered how the Emergency Orders affected a statute of limitations that was running during the tolling period, but was set to expire after the tolling period ended.[1]

Only a small number of cases have considered whether the Emergency Orders operate to exclude the entire tolling period from any statute of limitations or deadline that was running during the tolling period but did not expire therein. In line with Defendant's interpretation of the Emergency Orders, a number of courts have held that in order for the tolling provision in the Emergency Orders to apply, the statute of limitations or deadline must have been set to expire

---

[1] Other cases that Defendant cites in support of its motion are also inapposite as they consider statutes of limitations or deadlines that would have expired within the tolling period. ECF No. 12 at 3–5 (citing *Haysbert v. Bloomin' Brands, Inc.*, No. 4:20-CV-121, 2021 WL 5003283, at *3 (E.D. Va. Apr. 7, 2021); *Zamma Canada Ltd.*, 2020 WL 7083940, at *7–8 (E.D. Va. Dec. 3, 2020); *Algabi v. Dagvadorj*, 106 Va. Cir. 153 (2020)).

6

within the tolling period between March 16, 2020 and July 19, 2020. *Proctor v. AECOM, Inc.*, No. 121CV00033RDAJFA, 2021 WL 3809041, at *4 (E.D. Va. Aug. 26, 2021) (finding the plaintiff's August 7, 2020 service of process deadline was not within the tolling period in the Emergency Orders and accordingly, her service of process completed on December 14, 2020, was insufficient); *Eng. v. Quinn*, No. CL20-2857, 2022 WL 363981, at *3 (Va. Cir. Ct. Feb. 7, 2022) (holding that the Emergency Orders only tolled statute of limitations which were set to expire during the tolling period and therefore the plaintiff's complaint was not timely); *Tinsley v. Clarke*, No. 7:21CV270, 2022 WL 909354, at *6 (W.D. Va. Mar. 28, 2022) (noting that the Supreme Court of Virginia did not afford a state habeas petition any period of tolling where the statute of limitations expired on September 7, 2020). However, in line with Plaintiff's interpretation of the Emergency Orders, other courts have held that if a statute of limitations or deadline was running during the Emergency Orders, the tolling provision stopped the running of the clock and allowed parties additional time to file their claim even if the statute of limitation or deadline expired outside the tolling period. *Heck v. Guion*, 108 Va. Cir. 179, 182 (Va. Cir. Ct. June 4, 2021) (finding deadline was tolled from March 16, 2020 through July 19, 2020 and recommenced on July 20, 2020); *Lutz v. Clarke*, No. 7:21-CV-00272, 2022 WL 891958, at *1 (W.D. Va. Mar. 25, 2022) (finding state habeas petition filed on May 10, 2021, was timely due to the Emergency Orders even though the statute of limitations would have ordinarily began on April 30, 2020 and expired on April 30, 2021).

Upon this Court's review of the Emergency Orders, the Court agrees with Plaintiff and finds that the Emergency Orders do operate to toll Plaintiff's statute of limitations. The language used in the Emergency Orders suggests to the Court that the Supreme Court of Virginia excluded the tolling period from any statute of limitations calculation, regardless of whether it expired

7

during the tolling period. Notably, although the Supreme Court of Virginia provided several examples of the tolling period, none of the Emergency Orders provided an example where the statute of limitations expired outside the tolling period.

In looking at the Emergency Orders, the Second Order Extending the Judicial Emergency specifically limited the tolling period to include "any applicable statute of limitations *which would otherwise run during the period this order is in effect*." However, by the Third Order Extending the Judicial Emergency, the Supreme Court of Virginia did not state the same limitation, and simply stated that "[a]s recognized in the First and Second Orders, in district and circuit courts, the statutes of limitation and case related deadlines are tolled during the period of Judicial Emergency." Importantly, the Third Order Extending the Judicial Emergency also clarified its interpretation of the word "toll"—utilizing Black's Law Dictionary to define the word "'toll' as '[t]o suspend or stop temporarily.'" By the Seventh Order Extending the Judicial Emergency, the Supreme Court of Virginia stated, "there shall be no *further* tolling of statutes of limitations or other case-related deadlines." If "toll" means to stop, then by the language of the previous orders, the statute of limitations would have been stopped, and would not be stopped any "*further*." The Seventh Order also stated that the tolling period, between "March 16, 2020 through July 19, 2020 . . . *shall not be counted for purposes of determining statutes of limitation* or other case related deadlines." It did not include language as in the Second Order Extending the Judicial Emergency, limiting that period to only those statutes of limitation that expired during the tolling period. Accordingly, by the time of the Seventh Order Extending the Judicial Emergency, Plaintiff's statute of limitations had already been tolled (i.e., stopped), and that period of time is not counted for purposes of determining statutes of limitations.

8

3. <u>Plaintiff Would Be Entitled to Equitable Tolling Even if the Emergency Orders Did Not Exclude the Tolling Period from Plaintiff's Statute of Limitations.</u>

Even if the Emergency Orders did not operate exclude the tolling period from Plaintiff's statute of limitations calculation, the Court finds that she would nonetheless be entitled to equitable tolling. Equitable tolling may apply when "[']due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" *Battle v. Ledford*, 912 F.3d 708, 718 (4th Cir. 2019) (quoting *Raplee v. United States*, 842 F.3d 328, 333 (4th Cir. 2016)). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A litigant must establish "reasonable diligence, not maximum feasible diligence." *Holland v. Florida*, 560 U.S. 631, 653 (2010). While generally speaking a lawyer's miscalculation of a limitations period is not a valid basis to justify equitable tolling, a miscalculation may constitute extenuating circumstances where there is a lack of clarity in a statute that contributes to a misunderstanding of a limitations period. *See Harris v. Hutchinson*, 209 F.3d 325, 331 (4th Cir. 2000).

Here, the Court finds that even if the Supreme Court of Virginia's Emergency Orders only operated to toll statutes of limitations which expired *within* the tolling period, because of the way those orders are worded Plaintiff's belief that the Emergency Orders applied to toll statutes of limitations which expired *after* the tolling period was reasonable. Consequently, the language of the Emergency Orders stood in the way of Plaintiff's timely filing. As explained above, the Seventh Order Extending the Judicial Emergency explicitly stated that the tolling period, between "March 16, 2020 through July 19, 2020 . . . *shall not be counted for purposes of determining*

9

*statutes of limitation* or other case related deadlines."[2] Additionally, before Plaintiff's statute of limitations expired, few courts addressed the impact of the Emergency Orders on cases where the statute of limitations expired outside the tolling period. As explained above, a majority of the cases instead dealt with statutes of limitations or other deadlines that expired within the tolling period—clearly covered by the Emergency Orders. The few opinions that did address the exact issue in this case but interpreted the Emergency Orders in the same way as Defendant were issued *after* July 5, 2021—the date Defendant contends the statute of limitations should have expired. *See Proctor v. AECOM, Inc.*, No. 121CV00033RDAJFA, 2021 WL 3809041, at *4 (E.D. Va. Aug. 26, 2021) (issued the day before Plaintiff filed her Complaint); *Eng. v. Quinn*, No. CL20-2857, 2022 WL 363981, at *3 (Va. Cir. Ct. Feb. 7, 2022); *Tinsley v. Clarke*, No. 7:21CV270, 2022 WL 909354, at *6 (W.D. Va. Mar. 28, 2022). Accordingly, the language of the Emergency Orders, and Plaintiff's reasonable belief that they operated to exclude the tolling period from her statute of limitations calculations, constitutes an extraordinary circumstance that stood in the way of Plaintiff filing her Complaint on or before July 5, 2021.

Plaintiff has also demonstrated that she was pursuing her rights diligently. As noted, without any period of tolling, Plaintiff's deadline to file her Complaint was July 5, 2021. However, considering Plaintiff's reasonable belief that the tolling period was excluded from her statute of limitations, her statute of limitations would have expired on November 8, 2021—126 days, the length of the tolling period—after July 5, 2021. Plaintiff filed her Complaint in this Court on

---

[2] Notably, on November 15, 2021, the ABA issued an article characterizing Virginia as a state with Emergency Orders that take a "broad approach to tolling" in that the Emergency Orders "more broadly tolled all statutes of limitation for [the period of judicial emergency]" as opposed to only those "that were set to expire within [a] particular 'emergency' period[]." Paula M. Bagger, *The Impact of COVID Emergency Orders on the Tolling of Civil Statutes of Limitations*, The American Bar Association (Nov. 15, 2021), https://www.americanbar.org/groups/litigation/committees/commercialbusiness/practice/2021/impact-of-covid-emergency-orders-statute-of-limitations/.

10

August 27, 2021, well before what she reasonably believed was her deadline to file within the statute of limitations. Under these circumstances, Plaintiff was pursuing her rights diligently, and her reasonable belief that the statute of limitations for her claim was tolled during the period of tolling set forth in the Emergency Orders was an extraordinary circumstance that stood in the way of her filing her Complaint. Therefore, Plaintiff would be entitled to equitable tolling even if her Complaint was not timely filed.

## V. CONCLUSION

For the reasons explained above, Defendant's Motion to Dismiss, ECF No. 11, is **DENIED**.

The Clerk is **DIRECTED** to forward a copy of this Order to all counsel of record.

It is so **ORDERED**.

Lawrence R. Leonard
United States Magistrate Judge

Newport News, Virginia
April 20, 2022

11